## WALKER *vs.* WALKER ET AL.

The place of payment of a bill of exchange, whether designated in the bill itself, or in the acceptance, is a material part of the contract; and a mis-statement of it in the declaration is fatal.

The declaration discribing a bill as "payable at the Canal Bank," the bill offered in evidence was addressed "To Mr. John Standeford, payable at the Canal Bank:"— this is no variance.

Such a statement, at the foot of a promisory note, is no part of the contract, nor any qualification of the liability of the maker; it is but a mere memorandum, that if there presented, it would be paid.

And the principle would apply to an acceptance, where the acceptor states the place of payment, at the foot or on the back of the bill detached from the acceptance.

Where a bill is accepted generally, the acceptance has reference to the place of payment designated on the face of the bill, if any be stated; if not, the place is the drawer's residence, or his address on the face of the bill.

Where a place of payment, differing from that implied by the name and address of the drawer is intended, it should be expressed on the face of the bill; which may be done either in the body or subscription.

The address is a part of the bill.

THIS was an action of assumpsit, determined in the Pulaski circuit court, in January, 1844, before the Hon. J. J. CLENDENIN, one of the circuit judges. *John W. Walker* sued *Sandford C. Faulkner* and *Samuel D. Walker,* on a bill of exchange, drawn by *R. R. Moss,* June 17th, 1839, at Cincinnati, on *John Standeford,* at New Orleans, payable at 6 months, to *S. C. Faulkner,* for $2,500, at the Canal Bank of New Orleans: endorsed by *Faulkner* to *S. D. Walker,* and by him to the plaintiff; accepted by Standeford, and protested for non-payment; of which the declaration alleged the defendants had notice. The case was once tried by a jury, who found against Faulkner, and for his co-defendant, Walker, on which judgment was entered for one and against the other. On this trial, the plaintiff offered in evidence certain depositions taken after a notice, served *by reading* to one of the defendant's attorney, which depositions were excluded and he excepted. Faulkner then moved for a new trial, which was granted him. The case was then again tried, and verdict and judgment for the defendants. On the trial, the plaintiff offered the bill of exchange in evidence, of which a copy is here subjoined:

Walker vs. Walker et al.

$2,500.                                        Cincinnati, June 17th, 1839.

Six months after date, pay to the order of S. C. Faulkner, two thousand five hundred dollars, value received, which place to account of                                      Your friend,

To Mr. John Standeford.                          R. R. MOSS.
        Payable at Canal Bank.

Accepted and endorsed as alleged in the declaration. The defendants objected to its introduction, on the ground, that there was a variance between the bill and its description in the declaration, inasmuch as the words, "payable at Canal Bank," were no part of the bill. The plaintiffs showed, that on the former trial the bill had been read without objection. The court sustained the objection, and excluded the bill, which being the foundation of his action, he offered no further evidence, but excepted. The case came up on error.

*Ashley & Watkins*, for plaintiff. Where a deposition has once been read in evidence without opposition, it cannot be objected to as being irregularly taken. *Evans vs. Hettick*, 3 *Washington's ct. ct.*, *Rep*. 401. 7 *Wheaton*, 453. By parity of reasoning, if the bill of exchange in this case was mere evidence, having been once admitted without objection, it could not afterwards be objected to.

But the bill was not mere evidence as at common law. It was the foundation of the action. The parties were charged with having executed it *moda et forma*, and the production of the bill proved itself: the plea did not put the execution in issue—it was merely offered as the foundation on which to base the proof of protest and notice, which the plea did not put in issue. Now the defendants were charged with having endorsed a bill drawn and accepted, "payable at the Canal Bank, New Orleans," *the plea admitted it*, because it could not be denied except by plea under oath. The allegation was material and traversable, if it formed no part of the bill. *Sugget, Gaines & Rankin vs. the State Bank. Ark. Rep. p.        .* If it was avered a part of the bill, and was misdescribed, they must either have craved oyer and demurred for the variance, or pleaded *non est factum*. Because in this, as in all other respects, a bill or note is like a bond and

oyer must be given of it. *Beebe vs. the Real Estate Bank*, 4 *Ark. Rep.* 124.

But is the direction a part of the bill? The question was first agitated in England, by the opposing decisions of the court of Kings Bench and the Common Pleas. Those questions related to the liability of the *maker* or *acceptor*, whether it was necessary to aver presentment and notice to charge him. The question was finally settled in the case *Rowe vs. Torrey*, 2 *Brod. & Bing.* 165. *S. C. Bligh's Rep.* 391., to be necessary—and this, whether the bill was directed by the drawer to be paid at a particular place, or whether the acceptor specified the place in his acceptance. This, however, is not the law in this country. *Sumner vs. Ford*, 3 *Ark. Rep.* 389. And in England it occasioned the passage of the act of 1 *and* 2, *George* IV, *ch.* 78, by which the acceptor could only exhonerate himself, by making his acceptance payable at a particular place, *and not elsewhere*.

Mr. Chitty, with all the light before him, describes how a bill ought to be drawn, and gives the *form* of a good bill, of which, the one sued on here may almost be said to be a fac simile, p. 166. The direction clearly forms a part of this bill. *Story on Bills, p.* 61, 62. And the law in this country would seem to be settled, *in Jackerman vs. Hartwell*, 3 *Greenleaf*, 147, it was decided that if a particular place be added, with the assent of the holder, it becomes a part of the contract. In this case, the drawer accepted, the defendants endorsed, and the plaintiff took the bill *so drawn*.

Much light is thrown upon this subject, by the case of the *Bank of America vs. Woodworth*, 18, *J. R.* 316, and *Woodworth vs. Bank of America*, 19, *J. R.* 392. In the latter case, it was finally held, that a memorandum at the foot of a note, designating the place of payment, was a material part of it.

*Pike & Baldwin*, contra. It is well settled, in the case of a promisory note, that where the place of payment is mentioned, not in the body, but at the foot of the note, it is no part of the note, but a memorandum; and if, in such case, the note is described as payable at that place, it is a misdescription. *Sanderson vs. Judge*, 2 *H. Bla.* 509.

Walker *vs.* Walker et al.

*Fenton vs. Goundey*, 13 *East.* 459. *Price vs. Mitchell*, 4 *Camp.* 200. *Sanderson vs. Bowes*, 14 *East.* 500. *Bowes vs. Howe*, 5 *Taunt.* 30. *Exer vs. Russell*, 4 *M. & S.* 505. And the law is the same, even if it be in proof, that the whole note and memorandum are in the hand-writing of the maker, and that the memorandum was written when the note was made. *Williams vs. Waring, B. & C.* 2.

It was held in *Trecothick vs. Edwin*, 1 *Stark. R.* 380, by Lord Ellenborough, at *nisi prius*, that where the whole note and memorandum was *printed*, the memorandum was a part of the note; but this case is not sustained by authority, and exploded by the subsequent decision in K. B. in *Williams vs. Waring*.

The same doctrine as to notes, is settled in *Callaghan vs. Aylett*, 2 *Camp.* 551. *Hardy vs. Woodroffe*, 2 *Stark. R.* 283, does not conflict with *Exar vs. Russell*, because it was decided on the ground, that the declaration did not state a promise, special or limited, to pay at a particular place; by which the general principle that the memorandum was no part of the note, is broadly admitted. See also, *Gibb vs. Mather*, 8 *Bing.* 214. Such a memorandum is certainly no more a part of a bill than of a note, unless it were shown in evidence, that it was upon the bill before it was accepted. In this case, so far as any question of fact is concerned, the finding of the court, like the finding of a jury, is conclusive.

But it is contended, that this bill had been, on a former trial, admitted in evidence without objection. Now, it will be remarked, that as this case was tried before the court, there could, properly speaking, be no motion to exclude testimony, but the question decided was, that the bill, on account of a variance, did not correspond with or sustain the declaration. It was a question, not of the competency, but of the sufficiency of the testimony. If the bill had been read in evidence on this trial, even the defendant could have moved for a non-suit on account of the variance and insufficiency. That it was read before without objection, does not cure the evidence, or make it sufficient evidence. The principle relied on does not go so far. If an instrument of writing is admitted without proof of its execution, without objection, it cannot be objected to on a subsequent trial of the same cause. But

admitting it to be read, does not admit that it sustains the action, either on one trial or the other.

*Trapnall & Cocke*, on same side. The bill of exchange sued on in this case, was excluded on motion of the defendant, on the ground of variance. The bill was addressed to Mr. John Standeford, payable at Canal Bank: and it was alleged in the declaration, that it was payable at the Canal Bank, and the court sustained motion, on the ground, that the place of payment was a memorandum, and no part of the body of the note.

When it is expressed in the *body* of the note or bill, that it is payable at a particular place, so as to require presentment there, it should be so stated in the declaration, *as a part of the contract. Roche vs. Campbell*, 3 *Camp*. 247, 304. *Price vs. Mitchetl*, 4 *Camp*. 201. *Sanderson vs. Bowes*, 14 *East*. 500. *Bowes vs. Howe*, 5 *Taun*. 34. *Chitty Bills*, 250, 259.

If the place of payment is mentioned, so as to constitute no part of the contract, but a mere memorandum, it is necessary to alledge it. *Price vs. Mitchell*, 4 *Camp*. 200, *Bayles*, 310. *Williams vs. Waring*, 10, *B. R.* 2. *Wild vs. Rennerds*, 1 *Camp*. 245. *Callighan vs. Aylett*, 2 *Camp*. 557. *Sanderson vs. Judge*, 2 *Her. Black*, 509. *Richards vs. Lord Melsington, C. N. P*. 364. And to describe it as payable at such a place is a variance. *Exer vs. Russell*, 4 *Maule & Sel*. 505, *Price vs. Mitchell*, 4 *Camp*. 200.

*By the court*, SEBASTIAN J. It is clear, that the place of payment of a bill of exchange, whether appropriately designated in the bill, or in the acceptance, is a material part of the contract, and that a misstatement of it in the declaration is fatal. The declaration states the bill as drawn, payable at the Canal Bank, and the plaintiff produced in evidence, a bill, the address of which was to Mr. John Standeford, "payable at the Canal Bank," and whether this is a variance from the bill, set forth in the declaration, is the question. The principle is now well settled, that such a statement at the foot of a promissory note, is not a part of the contract, or any qualification of the liability of the maker of it, but a mere memorandum, or intimation, that

the note, if presented there, will be paid. And the principle would be probably applicable to an acceptance, in which the acceptor states the place of payment at the foot or on the back of the · bill, detached from the acceptance, though this point has been determined to· the contrary, in *Tuckerman vs. Hartwell*, 3 *Greenleaf*, 147. These decisions are not analogous to the case of a bill, in which the drawer has described the place of payment in the address of the bill. Where a bill is accepted, generally the acceptance has reference to the place of payment, is designated on the face of the bill, if any be stated; if not, the place of payment is, by law, understood to be the place of the residence of the drawer, or where his address is, on the face of the bill. Where a place of payment, different from that implied by the name and address of the drawer is intended, it should be so expressed on the face of the bill: and this may be done either in the body or subscription of the bill. The address is a part of the bill, the province of which is to point out the name and residence of the drawer, which is, by general intendment, the place of payment, unless otherwise expressed: for which reason, it is usual, when a different place of payment is intended, to express it either in the body or in the subscription of the bill. *Chitty on Bills*, 172, 189. *Story on Bills*, 60. 3 *Kent's Com.* 67. The same is to be inferred from *Cowie vs. Halsael*, 4 *Barn. & Ald.* R. 197, where a bill was accepted generally, and the holder, without the consent of the acceptor, added a place of payment. This was held to be a material alteration, and discharged the acceptor. We, therefore, are of opinion, that the circuit court should not have rejected the bill as evidence for a variance, as in the shape in which it is here presented, and unimpeached on any other ground, it was admissible under the declaration. The judgment of the circuit court must, therefore, be reversed.